IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| SHEDDY FAMILY TRUST, by and through LOUIS SHEDDY, its trustee and LOUIS SHEDDY, individually, | : : : : : | |
|---|---|---|
| Plaintiffs, | : : | No. 4:CV-08-01223 |
| v. | : : | (Judge McClure) |
| PIATT TOWNSHIP, | : : | |
| Defendant. | : | |

**MEMORANDUM**

October 14, 2009

**I. Introduction**

This action, brought under the Fourteenth Amendment of the United States Constitution, was instituted by plaintiffs Louis Sheddy and the Sheddy Family Trust on June 27, 2008. (Rec. Doc. No. 1). In their complaint, plaintiffs specifically claim a violation of only their right to equal protection of the laws under the Fourteenth Amendment. See id. at 4. However, in their memorandum opposing the defendant's motion for summary judgment, plaintiffs state that, in addition to any equal protection claim, their "Complaint can reasonably be read to assert (a) a substantive due process claim for deprivation of property rights" and "(b) a substantive due process claim for selective enforcement of zoning laws . . . ."

(Rec. Doc. No. 23 at 6). Plaintiffs have named as the defendant Piatt Township.

## II. Procedural History

In their complaint, plaintiffs assert that defendant Piatt Township violated their right to equal protection under the Fourteenth Amendment. (Rec. Doc. No. 1 at 4). More specifically, plaintiffs claim that the violation occurred when the township enforced its zoning ordinances against plaintiffs for the alleged impermissible operation of a junkyard.

On September 15, 2008, defendant Piatt Township filed its answer and affirmative defenses to plaintiffs' complaint. (Rec. Doc. No. 9). This Court, on February 26, 2009, granted plaintiffs' motion for an extension of time to complete discovery. (Rec. Doc. Nos. 17, 18).

Defendant Piatt Township, on May 13, 2009, filed a motion for summary judgment. (Rec. Doc. No. 18). In addition to its motion, Piatt Township filed a statement of material facts pursuant to Middle District Local Rule 56.1 (Rec. Doc. No. 18-3) and a number of exhibits supplementing its motion. (Rec. Doc. Nos. 18-5 to 18-25). On May 20, 2009, Piatt Township filed a praecipe seeking to substitute an exhibit listed as "Exhibit 21" for a petition for allowance of appeal that was filed on May 13, 2009. (Rec. Doc. No. 19). Piatt Township filed a brief in support of its motion for summary judgment on May 22, 2009. (Rec. Doc. No.

20).

On June 5, 2009, this Court granted a motion filed by plaintiffs seeking an extension of time in which to respond to defendant's motion for summary judgment. (Rec. Doc. Nos. 22, 21). On June 30, 2009, plaintiffs filed both a brief in opposition to defendant's motion for summary judgment and a statement of material facts pursuant to Middle District Local Rule 56.1. (Rec. Doc. No. 23).[1] Piatt Township filed a reply brief on July 15, 2009. (Rec. Doc. No. 24). Thus, the matter is now ripe for disposition.

Now, for the following reasons, we will grant defendant Piatt Township's motion for summary judgment.

## III. Factual Background

Taken in the light most favorable to the non-moving party, plaintiffs Louis Sheddy and the Sheddy Family Trust, the facts are as follows. The land encompassing 500 Sams Road from which Louis Sheddy was ordered to remove junk materials and vehicles is owned by one of the plaintiffs, the Sheddy Family Trust. Plaintiff Louis Sheddy is a trustee of the Sheddy Family Trust.

Defendant Piatt Township, on or about May 9, 2002, served Mr. Sheddy with an enforcement notice alleging that Mr. Sheddy was in violation of several

---

[1] Plaintiffs are directed to Middle District Local Rule 5.1(c) and are advised to use 14 point font in future filings.

township ordinances concerning his storing junk vehicles on the 500 Sams Road property without a permit. Because of his storing these junk vehicles on the property, the township charged him with violating Sections 306, 400, and 900 of the township's zoning ordinance. Plaintiffs also received an enforcement notice on June 18, providing them with an additional thirty days to file an appeal with the township's zoning hearing board and requiring them to remove all junk, unlicensed vehicles, and other vehicles from the property. Plaintiffs concede that Mr. Sheddy did not appeal the enforcement notice within the allotted time; while it appears as though Mr. Sheddy did write a letter to the zoning officer, he did not include the required check for $250.00 for a hearing before the zoning hearing board.

Piatt Township began enforcement proceedings in Magisterial District Justice Court on or about August 7, 2002. On September 5, 2002, judgment was entered against Mr. Sheddy. He appealed the judgment by the District Justice on December 6, 2002.

Piatt Township filed a complaint against Mr. Sheddy on December 12, 2002 ("2002 litigation"). After preliminary objections were filed by Mr. Sheddy, Piatt Township eventually filed an amended complaint and then a second amended complaint on June 13, 2003. Mr. Sheddy, on July 28, 2003, filed an answer to the second amended complaint, in which he alleged that "[t]here are similarly situated

persons who are not being prosecuted in this manner," while also claiming the unconstitutionality of the zoning ordinance. On November 19, 2003, the Lycoming County Court of Common Pleas resolved the issues of subject matter jurisdiction and ripeness in favor of Piatt Township, thus holding that Mr. Sheddy was unable to raise, in his new matter, a majority of his allegations.

After a non-jury trial ending in favor of Piatt Township, Mr. Sheddy appealed to the Commonwealth Court of Pennsylvania. On December 21, 2004, the Commonwealth Court affirmed the judgment against Mr. Sheddy. The Pennsylvania Supreme Court denied Mr. Sheddy's petition for allowance of appeal on August 25, 2005.

In 2005, Mr. Sheddy sought to expand his junkyard, though plaintiffs contest whether any attempt was made to register the property as a non-conforming use ("2005 litigation"). Before the zoning hearing board, one issue discussed was whether, within an agricultural district, a special exemption was provided for junkyards or auto salvage businesses. At the hearing, Judson Bower, an analyst for the Lycoming County Economic Development and Planning Department, testified. He presented aerial photographs of 500 Sams Road taken in 1951, 1978, 1995, 2001, and 2004. These photographs failed to depict the existence of junk vehicles on the premises in question. A local resident and regular hunter in the area also

5

testified that he had not seen junk vehicles located on the premises while hunting in the area. The zoning hearing board decided that Mr. Sheddy did not meet his burden of establishing a non-conforming use of the property in question as a junkyard or salvage auto business prior to the passage of the applicable zoning ordinances.

After Mr. Sheddy appealed the zoning hearing board's decision to the Lycoming County Court of Common Pleas, that court entered judgment in favor of Piatt Township. Mr. Sheddy then appealed the trial court's decision to the Commonwealth Court, which affirmed the trial court's decision.[2]

Mr. Sheddy also filed with the Pennsylvania Supreme Court a petition for allowance of appeal raising constitutional due process claims. Mr. Sheddy alleges that a number of persons were not, as he was, prosecuted by Piatt Township and the zoning hearing board, despite being "similarly situated." These persons

---

[2] The filings of the parties appear to be contradictory in regards to the decisions of the Lycoming Court of Common Pleas and the Commonwealth Court in the 2005 litigation. As best this Court can tell, the Lycoming County Court of Common Pleas issued its decision on or about October 10, 2006. Piatt Township has not provided this Court with the trial court's decision. The Commonwealth Court issued its decision on May 29, 2007, with the Supreme Court issuing its decision on December 14, 2007. In its statement of material facts, Piatt Township states that the Commonwealth Court affirmed the Lycoming County Court of Common Pleas by an order dated December 21, 2004; this would appear to be inaccurate, as this was the date the Commonwealth Court disposed of the appeal in the 2002 litigation and would have been before the 2005 litigation had even commenced.

include a Robert Aikey; a Mr. Rice of Rice Auto; a Buster Barlock; and Mr. Sheddy's brother, C. Edward Sheddy.

First, Piatt Township claims that Mr. Aikey had a non-conforming use that was proper under the current zoning ordinance as long as Mr. Aikey did not expand his operation; in addition, it claims that there is no evidence in the record that Mr. Aikey did in fact expand his operation. On the other hand, plaintiffs claim that Mr. Aikey did in fact expand, despite a June 29, 1988 letter from Mr. Aikey's counsel claiming that Mr. Aikey had a proper non-conforming use under the current zoning ordinance as long as he did not expand his operation.

Second, as to Mr. Rice, Piatt Township claims that it never received a complaint regarding his property. Third, Mr. Barlock's property was located in a commercially-zoned area, not an agriculturally-zone area like Mr. Sheddy's. Fourth, Mr. Sheddy has claimed that his brother, C. Edward Sheddy, used the property in question to store cars from 1960 to 1964, though C. Edward Sheddy did not own the property at that time.

## IV. Standard of Review

Summary judgment is appropriate when 1) there are no material facts in dispute; and 2) one party is entitled to judgment as a matter of law. See Int'l Union, United Mine Workers of Am. v. Racho Trucking Co., 897 F.2d 1248, 1252

7

(3d Cir. 1990) (citing Fed. R. Civ. Pro. 56(c)).

A district court may properly grant a motion for summary judgment when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those which might affect the outcome of the suit. Id.; Justofin v. Metropolitan Life Ins. Co., 372 F.3d 517, 521 (3d Cir. 2004).

Regardless of who bears the burden of persuasion at trial, the party moving for summary judgment has the burden to show an absence of genuine issues of material fact. Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996) (citations omitted). To meet this burden when the moving party does not bear the burden of persuasion at trial, the moving party must show "'that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the nonmovant's burden of proof at trial.'" Jalil v. Avdel Corp., 873 F.2d 701, 706 (3d Cir. 1989) (quoting Chippolini v. Spencer Gifts, Inc., 814 F.2d 893, 896 (3d. Cir. 1987)); see Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). More simply put, a party moving for summary judgment who does not

bear the burden of persuasion at trial is not required to negate the nonmovant's claim, but only point out a lack of evidence sufficient to support the nonmovant's claim. Country Floors, Inc. v. Partnership Composed of Gepner and Ford, 930 F.2d 1056, 1061 (3d Cir. 1991).

Once the moving party meets its burden of showing an absence of genuine issues of material fact, the nonmoving party must provide some evidence that an issue of material fact remains. Matushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). The nonmoving party, however, cannot do so by merely offering general denials, vague allegations, or conclusory statements; rather, the party must point to specific evidence in the record that creates a genuine issue as to a material fact. Celotex, 477 U.S. at 32; Ridgewood Bd. of Educ. v. N.E. ex rel. M.E., 172 F.3d 238, 252 (3d Cir. 1999).

**V. Discussion**

Defendant Piatt Township makes several arguments as to why its motion for summary judgment as to plaintiffs' claims should be granted. First, Piatt Township alleges that the plaintiffs' claims are barred by the doctrine of res judicata, as plaintiffs' claims before this Court amount to a mere relitigation of those claims raised in two separate suits in the state courts. Second, Piatt Township alleges that the plaintiffs' claims are barred by the Rooker-Feldman doctrine, a doctrine that

9

prevents a federal court from hearing constitutional claims that are "inextricably intertwined" with a state court judgment or claims previously decided by a state court. Third, Piatt Township alleges that it is entitled to summary judgment, as a matter of law, as to plaintiffs' Fourteenth Amendment claims.

While we will address the remaining arguments made by defendant Piatt Township, we are unable to address its contention that the Rooker-Feldman doctrine should bar Mr. Sheddy's claims in this case. As Piatt Township has noted in its brief supporting its motion for summary judgment, in order "to determine whether Rooker-Feldman bars [a plaintiff's] federal suit," the federal court must determine "exactly what the state court held." Gulla v. North Strabane Township, 146 F.3d 168, 171 (3d Cir. 1998) (quoting FOCUS v. Allegheny County Court of Common Pleas, 75 F.3d 834, 840 (3d Cir. 1996)) (omissions in original). As Piatt has not included with its filings a copy of the court of common pleas' decision from the 2005 litigation, this Court is unable to conduct a full and proper Rooker-Feldman analysis. In any case, our disposition of plaintiffs' claims based on the doctrine of res judicata, as well as plaintiffs' failure to establish a genuine issue of material fact as to their Fourteenth Amendment claims, renders a discussion of the Rooker-Feldman doctrine unnecessary.

### 1. Plaintiffs' Due Process Claims

The Court of Appeals for the Third Circuit has noted that "the crucial question regarding waiver is whether [a party] presented the argument with sufficient specificity to alert the district court." Keenan v. City of Phila., 983 F.2d 459, 472 (3d Cir. 1992). In Brennan v. Norton, 350 F.3d 399, 418 (3d Cir. 2003), the Third Circuit stated that "[t]he issue is not whether a sufficiently clairvoyant jurist would have known that a particular argument was emanating from the ethers of briefs filed in the district court." In that case, the plaintiff made a "fleeting reference" to an additional claim, based on the Petition Clause of the First Amendment, in his brief opposing the defendants' motion for summary judgment. Id. In his complaint, the plaintiff had made no reference to the Petition Clause, instead alleging that "the defendants' acts and conduct described herein deprived plaintiff of his rights to free speech and free association under the First Amendment, including but not limited to the right to speak on matters of public concern, in violation of the First Amendment to the United States Constitution and 42 U.S.C. § 1983." Id. at 417-18 (emphasis added).

In the present case, plaintiffs claim in their complaint "the right, protected by the Constitution of the United States, including but not limited to the Fourteenth Amendment, to equal protection of the laws." (Rec. Doc. No. 1 at 4) (emphasis added). As the plaintiff in Brennan did in his claim based upon the Petition

Clause, plaintiffs in this case referenced no substantive due process claims until they filed their opposition brief to Piatt's motion for summary judgment. In that brief, plaintiffs stated that their complaint could "reasonably be read to assert (a) a substantive due process claim for deprivation of property rights" and "(b) a substantive due process claim for selective enforcement of the zoning laws," in addition to an equal protection claim. (Rec. Doc. No. 23 at 6). This reference to due process claims in their opposition brief was not sufficient to place this Court on notice that plaintiffs were seeking relief based upon a Due Process Clause violation. As such, we conclude that plaintiffs waived their ability to claim a violation of their substantive due process rights.

## 2. The Applicability of the Res Judicata Doctrine

A party asserting the defense of res judicata has the burden of showing "that there has been (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." United States v. Athlone Industries, Inc., 746 F.2d 977, 983 (3d Cir. 1984) (citing I.A.M. National Pension Fund v. Industrial Gear Manufacturing Co., 723 F.2d 944, 946-47 (D.C. Cir. 1983)). Importantly, the doctrine applies to those claims that were actually decided previously as well as to those claims that could have been, but were not, raised by the plaintiff in the prior litigation. See

Edmundson v. Borough of Kennett Square, 4 F.3d 186, 191 (3d Cir. 1993). In addition, in the context of zoning matters, courts in Pennsylvania apply the doctrine of res judicata narrowly. As the Commonwealth Court has noted, a failure to appeal a zoning officer's denial is the equivalent to "an adjudication on the merits with res judicata effect." Price v. Bensalem Township Zoning Hearing Bd., 131 Pa. Commw. 200, 205 (1990).

An additional element is relevant when a Pennsylvania court must apply the doctrine of res judicata in litigation concerning a request for a variance. This fourth element concerns the "identity of the quality in the persons for or against whom the claim is made." Schubach v. Silver, 461 Pa. 366, 375 (1975) (quoting Appeal of Fisher, 355 Pa. 364, 367 (1946)). Even if these four elements are met, res judicata will bar relitigation only if, in the context of a party requesting a variance, "there are no substantial changes in circumstances relating to the land itself." Price, 131 Pa. Commw. at 204 (citing Filanowski v. Zoning Board of Adjustment, 439 Pa. 360, 266 (1970)).

First, according to Pennsylvania law, there was an adjudication on the merits in the 2002 litigation when Mr. Sheddy failed to appeal the zoning officer's decision. There was also an adjudication on the merits of the 2005 litigation when the zoning hearing board denied Mr. Sheddy's request for a variance, with the

Lycoming County Court of Common Pleas subsequently entering judgment in favor of Piatt Township.  Second, plaintiffs and Piatt Township were parties in both the 2002 and 2005 litigation and the matter currently before this Court.  Third, the state courts, in the 2002 litigation, did deny Mr. Sheddy's appeal in light of his failure to appeal the zoning officer's decision to the zoning hearing board.  However, in the 2005 litigation, Mr. Sheddy certainly had the opportunity to raise his Fourteenth Amendment claims; after all, he did claim in his petition for allowance of appeal with the Supreme Court that the zoning hearing board violated his due process rights when his variance request was denied.  Fourth, there has been no change in the identity of the quality of either the plaintiffs or Piatt Township.  Furthermore, there is no evidence that substantial changes to the land have occurred.

In light of the above, we conclude that <u>res judicata</u> must act as a bar to plaintiffs' raising their Fourteenth Amendment claims at this time with this Court.  Plaintiffs have already had an opportunity to litigate these issues in state court proceedings, and it would be improper for this Court to overturn those decisions.  Therefore, Piatt Township's motion for summary judgment as to plaintiffs' Fourteenth Amendment claims is granted.

### 3.  Plaintiffs' Equal Protection Claim on the Merits

Even if the doctrine of res judicata does not bar plaintiffs' Equal Protection Clause claims, these claims would fail on the merits and Piatt Township would still be entitled to summary judgment.

The Equal Protection Clause of the Fourteenth Amendment provides that the State shall not "deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. This declaration "is essentially a direction that all persons similarly situated should be treated alike." Shuman v. Penn Manor Sch. Dist., 422 F.3d 141, 151 (3d Cir. 2005). If a plaintiff does not raise an equal protection claim based upon membership in a protected class, the action will be treated under the "class of one theory." See Willowbrook v. Olech, 528 U.S. 562, 564 (2000). A plaintiff proceeding under this theory must establish "that (1) the defendant treated him differently from others similarly situated, (2) the defendant did so intentionally, and (3) there was no rational basis for the difference in treatment." Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006).

While plaintiffs have alleged that Piatt Township intentionally treated them differently from four other individuals arguably similarly situated, plaintiff has failed to show that there was no rational basis for Piatt's treating them differently. In fact, Piatt Township has put forth evidence, unrebutted by plaintiffs, that a

15

rational basis exists for the difference in treatment between plaintiffs and each of the four other individuals: Mr. Aikey; Mr. Rice; Mr. Barlock; and Mr. Sheddy's brother, C. Edward Sheddy. First, as to Mr. Aikey, Piatt Township has pointed to a letter, dated June 29, 1988, indicating that Mr. Aikey had agreed that he would not expand his non-conforming use into the prohibited area. While Mr. Sheddy stated in his deposition that it was his understanding that Mr. Aikey had expanded into the prohibited area anyway, there is no evidence in the record indicating that Piatt Township had received any additional complaints from Mr. Sheddy or any other individuals after the June 29, 1988 letter. Similarly, there is no indication that the township ever received any complaint concerning Mr. Rice and his property.

Third, it is uncontested that Mr. Barlock's property was zoned in a commercial area, while the plaintiffs' property was zoned in an agricultural area. Fourth, plaintiffs do not dispute that, when C. Edward Sheddy was allegedly placing cars on the property located on Sams Road, C. Edward Sheddy was not the owner of that property. In contrast, plaintiffs are clearly owners of the property in question at the time of Piatt Township's enforcement actions.

In light of the above, plaintiffs have failed to establish that there is a genuine issue of material fact concerning the existence of a rational basis for treating the individuals at issue differently. Therefore, plaintiffs have failed to establish facts

16

necessary to support a claim under the Fourteenth Amendment's Equal Protection Clause based upon a "class of one" theory. As such, summary judgment in favor of defendant Piatt Township is proper.

**VI. Conclusion**

For the reasons stated above, we find that defendant Piatt Township is entitled to summary judgment as a matter of law. Therefore, we will grant defendant's motion for summary judgment.

    s/ James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SHEDDY FAMILY TRUST, by and : 
through LOUIS SHEDDY, its :
trustee and LOUIS SHEDDY, :
individually, :
 :
      Plaintiffs, :
 :   No. 4:CV-08-01223
      v. :
 :   (Judge McClure)
PIATT TOWNSHIP, :
 :
      Defendant. :

**ORDER**

October 14, 2009

In accordance with the accompanying Memorandum,

**IT IS HEREBY ORDERED THAT:**

1. Defendant's "Motion for Summary Judgment" is GRANTED. (Rec. Doc. No. 18).

2. The clerk is directed to enter final judgment in favor of the defendant and against the plaintiffs.

3. The clerk is directed to close the case file.

                        s/ James F. McClure, Jr.
                        James F. McClure, Jr.
                        United States District Judge